# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD L. KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-01364-SEB-DML |
| | ) | |
| MIKE PERSON, MANDIP BARTELS, | ) | |
| MIKE MITCHEFF, DUSHAN ZATECKY, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Regarding Defense of Failure to Exhaust Administrative Remedies**

Plaintiff Richard L. Kelly, an inmate at Pendleton Correctional Facility, filed this civil rights action alleging that the defendants are deliberately indifferent to his serious medical needs (specifically, his lumbar and cervical spine damage) in violation of the Eighth Amendment. Superintendent Zatecky seeks resolution of the claims against him on the basis that Mr. Kelly failed to exhaust his available administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA").

For the reasons explained below, Superintendent Zatecky's motion for summary judgment [dkt. 33] must be **denied** and his affirmative defense that Mr. Kelly failed to exhaust administrative remedies as to his claims prior to filing this lawsuit is **rejected.**

## Discussion

Superintendent Zatecky contends that Mr. Kelly failed to comply with the exhaustion of administrative remedies requirement of the PLRA before filing this lawsuit. This affirmative

defense must be resolved before reaching the merits of Mr. Kelly's claims. *Pavey v. Conley*, 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S. Ct. 2378, 2385 (2006) (footnote omitted). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). However, a prisoner is only required to exhaust those remedies that are available to him. A remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), or otherwise use affirmative misconduct to prevent a prisoner from exhausting. *Dole*, 438 F.3d at 809.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg*, 346 F.3d 752, 755 (7th Cir. 2003) (*quoting* Fed. R. Civ. P. 56(c) and *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Affidavits or declarations in support of a motion for summary judgment must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. Proc. 56(c)(4).

*Undisputed Facts*

The following facts are undisputed.

Mr. Kelly is currently incarcerated at Pendleton and was at Pendleton at the time of the incident. A grievance program was in place at Pendleton during all relevant times. The purposes, rules, and procedures of this grievance program are set forth in the Offender Grievance Process, Policy and Administrative Procedure 00-02-301 ("Offender Grievance Process"). Offenders can grieve matters that involve actions of individual correction officers, and issues relating to the conditions of care or supervision. The formal grievance must identify the issue that the offender is trying to resolve.

Mr. Kelly filed several grievances arising from events alleged to have occurred between February 3, 2014 and July 14, 2014, which are the dates relevant to the matters before this Court. In the formal grievances, which are Formal Grievance No. 82102, No. 82103 and 82104, Mr. Kelly's complaints or issues concerned the actions of medical providers who allegedly denied him medical treatment. The grievance made no reference to Superintendent Zatecky.

*Exhaustion of Administrative Remedies*

Superintendent Zatecky argues that he is entitle to judgment as a matter of law because Offender Kelly did not exhaust all available administrative remedies before filing this lawsuit against Superintendent Zatecky. But this argument is inconsistent with the record. The complaint alleges that the defendants (including Superintendent Zatecky) were deliberately indifferent to his serious medical needs (specifically, his lumbar and cervical spine damage) in violation of the

Eighth Amendment. The record reflects that Mr. Kelly filed formal grievances which complained of the issues present in this lawsuit, namely the treatment of back. See dkts. 34-4, 34-5, 34-6. Nothing more was required.

Perhaps the Superintendent's argument is that exhaustion was not achieved because the Superintendent was not named in the grievances. But, no support for this position has been provided and Seventh Circuit precedent does not require this level of detail.

A primary purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("prisoners must only put responsible persons on notice about the conditions about which they are complaining"). An offender "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650. In this case, the Superintendent has not pointed to any provision of the grievance procedures outlined in the inmate handbook which requires anything more than what Mr. Kelly did. No requirement that any individual be named in the grievance has been identified. Accordingly, the Superintendent's claim that Mr. Kelly's formal grievance was insufficient to exhaust the medical care claims brought against him in this action is rejected.

To the extent, the Superintendent argues that he is entitled to summary judgment because he is not responsible for the wrong doing alleged (i.e., he played no part in scheduling appoints with specialists) this argument is outside the scope of the affirmative defense of exhaustion and is thus denied without prejudice.

## Conclusion

Based on the evidence presented, the Superintendent has failed to meet his burden of proving that there was an available administrative remedy that Mr. Kelly failed to utilize before filing the instant lawsuit. The Superintendent has failed to come forward with evidence which would warrant a hearing. Accordingly, the Superintendent's motion for summary judgment [dkt. 33] is **DENIED** and the affirmative defense of failure to exhaust administrative remedies is **REJECTED.**

**IT IS SO ORDERED.**

Date: _____4/7/2015_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD L. KELLY
860033
PENDLETON - CF
Electronic Service Participant -- Court Only

All Electronically Registered Counsel